11N-0100/KTL

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THELMA SOTO, Individually, as
Representative of the Estate of JOSHUA W.
SOTO, deceased, and as Mother and Next
Friend of JAYDEN W. SOTO, a minor,

       Plaintiff,

     v.         No.

ISLAMIC REPUBLIC OF IRAN; IRANIAN
MINISTRY OF INFORMATION AND
SECURITY; AYATOLLAH ALI HOSSEINI
KHAMENEI; and ALI YOUNESI,

       Defendants.

## COMPLAINT AT LAW

Plaintiff, THELMA SOTO, Individually, as Representative of the Estate of JOSHUA W.

SOTO, deceased, and as Mother and Next Friend of JAYDEN W. SOTO, a minor, by and

through her attorneys, CORBOY & DEMETRIO, P.C., complaining of defendants, the Islamic

Republic of Iran; the Iranian Ministry of Information and Security; Ayatollah Ali Hosseini

Khamenei; and Ali Younesi, state:

### INTRODUCTION

1.   This is a civil action for wrongful death, personal injury and related torts pursuant

to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §1605A, arising from a terrorist

attack carried out on June 16, 2009, in Muthana Province, Iraq (the "Terrorist Attack").

2.   Decedent, Sergeant (SGT) JOSHUA W. SOTO, was murdered in the Terrorist

Attack.

3.      The Terrorist Attack was carried out, in part, by an Iranian operative.

4.      The Terrorist Attack was also carried out by Iraqi insurgents using material support and resources provided by defendants.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter and over the defendants pursuant to 28 U.S.C. §1330, 28 U.S.C. §1605A and 18 U.S.C. §2333.  Venue is appropriate pursuant to 18 U.S.C. §2334(a) and 28 U.S.C. 1391(c)(3).

## FACTS COMMON TO ALL COUNTS

**The Parties**

6.      Plaintiff, THELMA SOTO, a U.S. citizen, is the widow and personal representative of the Estate of JOSHUA W. SOTO (DOB: 12/19/83), deceased, a U.S. citizen and member of the U.S. armed services, who was murdered in the Terrorist Attack.  Plaintiff, THELMA SOTO, brings this suit individually, as representative of the Estate of JOSHUA W. SOTO, and as Mother and Next Friend of JAYDEN W. SOTO, the minor son of Thelma and Joshua Soto.

7.      Plaintiff's minor, JAYDEN W. SOTO (DOB: 9/2/08), is the minor child of JOSHUA W. SOTO and a U.S. citizen.

8.      Defendant, Islamic Republic of Iran (hereafter "Iran"), is and was at all relevant times, a foreign state within the meaning of 28 U.S.C. §1603, designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979, 50 U.S.C. §2405(j). Iran provided material support and resources for the commission of acts of extrajudicial killing, including the Terrorist Attack, within the meaning of 28 U.S.C. §1605A, and performed other

2

acts that proximately resulted in the Terrorist Attack and harm to the plaintiff, the decedent, and their minor child.

9.      Defendant, the Iranian Ministry of Information and Security (MOIS), is, and at all relevant times was, the Iranian intelligence service.  Within the scope of its agency and office, MOIS provided material support and resources for the commission in Iraq of acts of extrajudicial killing, including the Terrorist Attack, and performed other actions that proximately resulted in the Terrorist Attack.

10.      Defendant, Ayatollah Ali Hosseini Khamenei (hereafter "Khamenei"), is, and at all relevant times was, the Supreme Leader of Iran and an official, employee, and agent of Iran.  Within the scope of his office, employment and agency, Khamenei provided material support and resources for the commission of acts of extrajudicial killing, including the Terrorist Attack, and performed other actions that proximately resulted in the Terrorist Attack and harm to the plaintiff, the decedent, and their minor child.

11.      At all relevant time, Defendant, Ali Younesi, was Iran's Minister of Information and Security and an official, agent and employee of Iran.  Within the scope of his office, employment and agency, Younesi provided material support and resources for the commission of extrajudicial killings including the Terrorist Attack, and performed other actions that caused the Terrorist Attack and harm to the plaintiff, the decedent, and their minor child.

12.      From 1984 until the present, defendant Iran has been continuously designated as a state sponsor of terrorism by the United States Department of State, pursuant to the Export Administration Act of 1979, 50 U.S.C. §2405(j).

13.      At all times relevant, including the period between 2003 and the date of the

3

Terrorist Attack, the defendants provided massive financial support to insurgents within Iraq with the specific intention of causing and facilitating the commission of acts of extrajudicial killing and international terrorism, including the Terrorist Attack. This financial support was provided continuously, routinely and in furtherance of, and as implementation of, a specific policy and practice established and maintained by the defendants, in order to terrorize United States citizens and the Iraqi population and weaken the Iraqi economy, social fabric, military strength and preparedness.

14.     The defendants provided financial and other support to insurgents within Iraq and in exchange the insurgents undertook to carry out acts of extrajudicial killings and terrorism within Iraq.

15.     The defendants gave substantial aid, assistance and encouragement to each other and insurgents within Iraq with the specific intention of causing and facilitating the commission of extrajudicial killings and international terrorism, including the Terrorist Attack.

16.     The defendants did so with actual knowledge that their agents and employees and their Iraqi clients or proxies had killed and injured numerous U.S. citizens in terrorist attacks and that additional U.S. citizens and innocent civilians would be killed and injured as a result of their aiding, abetting and providing material support and resources to insurgents in Iraq.

17.     The defendants knowingly and willingly conspired, agreed and acted in concert with each other and insurgents in Iraq, in furtherance of a common plan, design and agreement to cause acts of extrajudicial killing and international terrorism including the Terrorist Attack. The defendants did so with actual knowledge that its employees and it insurgent clients or proxies within Iraq had killed and injured numerous U.S. citizens in terrorist attacks and that additional

4

U.S. citizens would be killed and injured as a result of their conspiracy.

18.      At all times relevant, MOIS was an agency, instrumentality and/or office of defendant Iran and performed acts on behalf of defendant Iran in furtherance of the interests and policy of Iran, within the meaning of 28 U.S.C. §§1605A(a)(1) and 1605A(c) which proximately resulted in the Terrorist Attack.

19.      In so doing, Defendants Younesi and MOIS acted as trainer and conduit for Iran's provision of funds to insurgents in Iraq for the commission of extrajudicial killings and international terrorism, including the Terrorist Attack.

20.      Defendants, Iran and Khamenei, directed, authorized, ratified and/or approved the acts of defendant MOIS and Younesi and are liable for the acts of MOIS and its personnel and clients.

**The Terrorist Attack**

21.      On and before June 16, 2009, Sergeant (SGT) JOSHUA W. SOTO was an active duty U.S. Army service member.  SGT Soto was assigned to the 1st Battalion, 7th Armor Regiment, 4th Brigade Combat Team, 1st Armored Division.

22.      On and before June 16, 2009, SGT Soto was deployed to Iraq on a non-combat mission to assist in the transfer of authority to Iraqi units.

23.      On and before June 16, 2009, SGT Soto's unit was designated an Advise and Assist Brigade (AAB) and assigned to assist a Provincial Reconstruction Team (PRT) consisting of American civilians.

24.      On June 16, 2009, SGT Soto was tasked to accompany the PRT and Iraqi police trainers to the city of Rumaitha, in Muthana Province, to train Iraqi police cadets.

25. Before June 16, 2009, the defendants planned, conspired and made preparations to murder American citizens by detonating roadside bombs, *inter alia*.

26. On June 16, 2009, pursuant to the above-referenced plan, the defendants, through their agents, operatives and employees, planted an explosively formed penetrator (EFP) along the route traveled by SGT Soto, near the city of Tallil.

27 As SGT Soto's vehicle drove by the device, the defendants detonated it, with actual knowledge that they were targeting American citizens.

28. As a result of the explosion, SGT SOTO suffered multiple burn, blast and penetrating injuries resulting in conscious pain and suffering.

29. SGT SOTO died from his wounds. He was twenty-five years old.

30. The Terrorist Attack that killed SGT SOTO was carried out utilizing funds, weapons, terrorist training and other material support, resources, aid and assistance provided by the defendants for the specific purpose of the Terrorist Attack and other acts of extrajudicial killing and international terrorism.

## COUNT I

### Wrongful Death

1-30. Paragraphs 1 - 30 are incorporated by reference.

31. Iran is a foreign state that has continuously been designated a state sponsor of terrorism within the meaning of 28 U.S.C. §1605A.

32. Defendants Khamenei, Younesi and MOIS are officials, employees and/or agents of Iran and provided the material support and resources which caused and facilitated the Terrorist Attack within the scope of their office, employment or agency.

6

33. The Terrorist Attack was an extrajudicial killing within the meaning of 28 U.S.C. §1605A.

34. Decedent, SGT JOSHUA W. SOTO, was a member of the U.S. armed forces and was murdered in the Terrorist Attack. He left surviving him THELMA SOTO, his widow, and JAYDEN W. SOTO, his minor son, both of whom have suffered mental anguish, emotional distress, loss of support, loss of guidance, love, companionship, consortium, society and solatium, *inter alia.*

35. The harms suffered by the plaintiff, the decedent, and their minor child were the direct and proximate result of the conduct of the defendants described above.

36. The conduct of the defendants was criminal, outrageous, extreme, wanton, willful, malicious and constitutes a threat to the public, warranting an award of punitive damages under 28 U.S.C. §1605A(c).

WHEREFORE, plaintiff, THELMA SOTO, Individually, as Representative of the Estate of JOSHUA W. SOTO, deceased, and as Mother and Next Friend of JAYDEN W. SOTO, a minor, demands judgment against defendants: Islamic Republic of Iran; Iranian Ministry of Information and Security; Ayatollah Ali Hosseini Khamenei; and Ali Younesi, for compensatory and punitive damages in an amount to be determined at trial, along with attorneys' fees and costs.

## COUNT II

### Survival

1-30 Paragraphs 1-30 are incorporated by reference.

31. Iran is a foreign state that has continuously been designated a state sponsor of terrorism within the meaning of 28 U.S.C. §1605A.

7

32. Defendants Khamenei, Younesi and MOIS are officials, employees and/or agents of Iran and provided the material support and resources which caused and facilitated the Terrorist Attack within the scope of their office, employment or agency.

33. The Terrorist Attack was an extrajudicial killing within the meaning of 28 U.S.C. §1605A.

34. SGT JOSHUA SOTO, a member of the U.S. armed forces, suffered multiple traumatic injuries in the Terrorist Attack. From the time of the Terrorist Attack until his death, SGT Soto suffered severe conscious pain, mental suffering, and disability.

35. SGT JOSHUA W. SOTO left as his heirs, THELMA SOTO, his wife, and JAYDEN W. SOTO, his minor son.

36. The harms suffered by the plaintiff, the decedent, and their minor child were the direct and proximate result of the conduct of the defendants described above.

37. The conduct of the defendants was criminal, outrageous, extreme, wanton, willful, malicious and constitutes a threat to the public, warranting an award of punitive damages under 28 U.S.C. §1605A(c).

WHEREFORE, plaintiff, THELMA SOTO, Individually, as Representative of the Estate of JOSHUA W. SOTO, deceased, and as Mother and Next Friend of JAYDEN W. SOTO, a minor, demands judgment against defendants: Islamic Republic of Iran; Iranian Ministry of Information and Security; Ayatollah Ali Hosseini Khamenei; and Ali Younesi, for compensatory and punitive damages in an amount to be determined at trial, along with attorneys' fees and costs.

8

## COUNT III

**Intentional/Reckless Infliction of Emotional Distress**

1-30     Paragraphs 1-30 are incorporated by reference.

31.     Defendants' conduct described above was willful and outrageous, and violates applicable criminal law, international standards of civilized conduct and human decency.

32.     Defendants intended to terrorize the plaintiff, the decedent, and their minor child and cause them severe emotional distress or consciously disregarded the high possibility that their conduct would do so.

33.     As a proximate result of the defendants' conduct, the plaintiff, the decedent, and their minor child suffered extreme emotional distress, mental anguish, grief and fear.

34.     Defendants' conduct was outrageous, willful and wanton, reckless, and/or malicious and constitutes a threat to the public at large, warranting punitive damages.

WHEREFORE, plaintiff, THELMA SOTO, Individually, as Representative of the Estate of JOSHUA W. SOTO, deceased, and as Mother and Next Friend of JAYDEN W. SOTO, a minor, demands judgment against defendants: Islamic Republic of Iran; Iranian Ministry of Information and Security; Ayatollah Ali Hosseini Khamenei; and Ali Younesi, for compensatory and punitive damages in an amount to be determined at trial, along with attorneys' fees and costs.

Kenneth T. Lumb

Kenneth T. Lumb
Corboy & Demetrio, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois  60602
(312) 346-3191
Firm I.D. No. 108

9